IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

CALVIN L. POWELL,
Inmate No. 121781,
     Plaintiff,

vs.                        Case No.: 5:17cv219/MCR/EMT

JULIE L. JONES, et al.,
     Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff, an inmate of the Florida Department of Corrections ("FDOC") proceeding pro se and in forma pauperis, commenced this case by filing a civil rights complaint under 42 U.S.C. § 1983 (ECF No. 1). Plaintiff subsequently filed an Amended Complaint naming the FDOC Secretary and two correctional officers at Calhoun Correctional Institution as Defendants (ECF No. 7 at 1–2). Plaintiff claims that Defendants violated his Eighth Amendment rights by failing to protect him from an attack by another inmate and failing to provide medical treatment for his resulting injuries in August of 2015 (*id.* at 5–7). Plaintiff seeks compensatory damages (*id.* at 7).

The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters.

*See* N.D. Fla. Loc. R. 72.2(C); *see also* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b).  Upon consideration, for the reasons given below, the court recommends that this action be dismissed.

Because Plaintiff is a prisoner proceeding in forma pauperis, the court must review the complaint and dismiss it if satisfied that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.   28 U.S.C. §§ 1915(e)(2)(B), 1915A.  A plaintiff's affirmative misrepresentation regarding his prior litigation history, when the complaint form required disclosure of such history and the plaintiff's statements were made under penalty of perjury, constitutes abuse of the judicial process warranting dismissal of the case without prejudice as "malicious" under § 1915(e)(2)(B)(i) and § 1915A(b)(1).  *See* Rivera v. Allin, 144 F.3d 719, 731 (11th Cir. 1998), *abrogated in part on other grounds by* Jones v. Bock, 549 U.S. 199, 127 S. Ct. 910, 166 L. Ed. 2d 798 (2007); *see also, e.g.*, Sears v. Haas, 509 F. App'x 935, 935–36 (11th Cir. 2013) (unpublished) (dismissal of action without prejudice as malicious for abuse of judicial process was warranted where inmate failed to disclose case he had filed against prison officials just five months earlier, and failed to disclose another case he filed six years earlier that had been dismissed prior to

service for failure to state a claim); <u>Harris v. Warden</u>, 498 F. App'x 962, 964–65 (11th Cir. 2012) (unpublished) (dismissal of action without prejudice for abuse of judicial process was warranted where inmate made no attempt to disclose his prior cases in his original and amended complaints); <u>Jackson v. Fla. Dep't of Corr.</u>, 491 F. App'x 129, 132–33 (11th Cir. 2012) (unpublished) (dismissal of action without prejudice as malicious for prisoner plaintiff's abuse of judicial process was warranted where plaintiff failed to disclose existence of one prior case, and disclosed existence of another prior case but still failed to disclose that it was dismissed as frivolous, malicious, failing to state a claim, or prior to service); <u>Redmon v. Lake Cnty. Sheriff's Office</u>, 414 F. App'x 221, 226 (11th Cir. 2011) (unpublished) (prisoner's failure to disclose previous lawsuit filed in district court while he was a prisoner constituted abuse of judicial process warranting sanction of dismissal of his pro se § 1983 action, since prisoner's misrepresentation was not excused by his explanation that he misunderstood complaint form on which he represented, under penalty of perjury, that he did not file any prior lawsuits with similar facts or otherwise relating to his imprisonment or conditions of imprisonment); <u>Shelton v. Rohrs</u>, 406 F. App'x 340, 340–41 (11th Cir. 2010) (unpublished) (affirming dismissal of action without prejudice for prisoner plaintiff's abuse of judicial process where plaintiff failed to

disclose four previous civil actions; even if prisoner did not have access to his legal materials, he would have known that he filed multiple previous lawsuits); Young v. Sec'y for Dep't of Corr., 380 F. App'x 939, 940–41 (11th Cir. 2010) (unpublished) (district court did not abuse its discretion when it sanctioned Florida prisoner proceeding in forma pauperis by dismissing his civil rights lawsuit *sua sponte* for not disclosing all of the information that was known to him with regard to his prior cases, even though prisoner could not afford to pay copying and certification costs charged by Florida state courts and he no longer had documents necessary to answer fully due to FDOC rule prohibiting possession of "excess legal material"); Hood v. Tompkins, 197 F. App'x 818, 819 (11th Cir. 2006) (unpublished) (dismissal of pro se state inmate's § 1983 action as sanction for providing false answers to unambiguous questions on complaint form regarding prior lawsuits was not an abuse of discretion, even though inmate conceded in his objections to magistrate judge's report and recommendation that his disclosures were incomplete; to allow inmate to continue with suit would have served to overlook his abuse of judicial process).

In general, a dismissal without prejudice does not amount to an abuse of discretion. *See* Dynes v. Army Air Force Exch. Serv., 720 F.2d 1495, 1499 (11th Cir. 1983) (holding that dismissal without prejudice, even for a minor violation of a court

order, was not an abuse of discretion). Such a dismissal should be allowed absent some plain prejudice other than the mere prospect of a second lawsuit. *See* <u>Kotzen v. Levine</u>, 678 F.2d 140 (11th Cir. 1982).

Having conducted a thorough review, the court is satisfied that this action is malicious and thus recommends dismissal under section 1915(e)(2)(B)(i) and 1915A(b)(1). Section IV of the complaint form requires Plaintiff to disclose information regarding prior civil cases he filed in state and federal court (ECF No. 7 at 3–4). In Plaintiff's Amended Complaint, he answered "no" to all four questions on the subject (*id*.), including Question D of Section IV, which asks, "Have you ever had any actions in **federal court** dismissed as frivolous, malicious, failing to state a claim, or prior to service? If so, identify each and every case so dismissed" (*id*. at 4). As previously noted, Plaintiff answered "no" to this question. Thus, Plaintiff has stated that he has filed no previous cases in federal court that were dismissed as frivolous, malicious, failing to state a claim, or prior to service.

At the end of the civil rights complaint form, Plaintiff signed his name after the following statement on the form: "**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING STATEMENTS OF FACT, INCLUDING ALL CONTINUATION PAGES, ARE TRUE AND CORRECT**" (ECF No. 7 at 7).

As routinely recognized by this court, the information from Section IV of the form is useful to the court in many ways:

> . . . it allows efficient consideration of whether the prisoner is entitled to pursue the current action under the "three strikes" provision of the Prison Litigation Reform Act; it allows consideration of whether the action is related to, or otherwise should be considered in conjunction with or by the same judge who presided over, another action; it allows consideration of whether any ruling in the other action affects the prisoner's current case. All of these things are appropriately considered in connection with the preliminary review of such a complaint under the Prison Litigation Reform Act.

Spires v. Taylor, Order of Dismissal, Case No. 3:00cv249-RH (N.D. Fla. Oct. 27, 2000). Further, because prisoner plaintiffs generally proceed pro se, the information helps the court determine their litigation experience and familiarity with the legal terrain of the current action. The time spent verifying the cases a plaintiff has filed but failed to identify, as well as the dispositions of those cases, can be considerable.

The clerk of court has advised, and this court takes judicial notice, that Plaintiff has previously filed the following two cases in federal court:

> ● Powell v. Jones, Case No. 3:16-cv-00861-MMH-JBT; originally filed in the Northern District of Florida on June 24, 2016 (Case No. 4:16-cv-391-RH-GRJ) and transferred to the Southern District of Florida on June 30, 2016; dismissed prior to service on July 5, 2016.

● <u>Powell v. Jones</u>, Case No. 3:16-cv-01043-MMH-JRK; filed on August 15, 2016 in the Southern District of Florida; dismissed prior to service on August 19, 2016.

General review of these previous cases shows that Plaintiff was incarcerated when he filed both of them.[1] Thus, Plaintiff should have identified these cases in response to Question D of Section IV of the complaint form.[2]

The court has authority to control and manage matters such as this pending before it, and Plaintiff's pro se status does not excuse him from conforming to acceptable standards in approaching the court. If the court cannot rely on the statements or responses made by the parties, the quality of justice is threatened. The court will not tolerate false responses or statements in any pleading or motion filed before it. Here, Plaintiff falsely responded to questions on the complaint form, as detailed above. Plaintiff knew, or from reading the complaint form should have known, that disclosure of his prior actions was required and that dismissal of the action may result from his untruthful answers.[3] If Plaintiff suffered no penalty for his

---

[1] The FDOC inmate number of the plaintiff in the above-listed cases is the same as Plaintiff's.

[2] In Plaintiff's initial Complaint, he identified one federal case and one state case in Section IV (*see* ECF No. 1 at 3), but he did not identify either of the two cases listed here.

[3] Indeed, section IV of the complaint form includes the following notice: "FAILURE TO DISCLOSE **ALL** PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE. IF YOU ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED, THAT FACT MUST BE DISCLOSED AS WELL." (*see* ECF No. 7 at 3) (emphasis and capitalization in original).

untruthful responses, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form. Furthermore, if word spread around the prisons that the questions on the complaint form could be circumvented in such a manner, the court might be confronted with widespread abuse from its many prisoner litigants. Therefore, this court should not allow Plaintiff's false responses to go unpunished.

The court recommends that an appropriate sanction for Plaintiff's abuse of the judicial process in not providing the court with true factual statements or responses is to dismiss this cause <u>without prejudice</u>.[4, 5] *See* <u>Rivera</u>, 144 F.3d at 731 (dismissal of an action without prejudice as a sanction for a pro se prisoner's failure to disclose the existence of a prior lawsuit, where that prisoner was under penalty of perjury, is proper); <u>Spires</u>, No. 3:00cv249-RH, Order (N.D. Fla. Oct. 27, 2000) ("Dismissal without prejudice is not too severe a sanction under these circumstances."). Plaintiff

---

[4] Providing Plaintiff an opportunity to amend his complaint to disclose the previous lawsuits which he failed to identify would equate to overlooking his abuse of the judicial process. *See* <u>Hood</u>, 197 F. App'x at 819. Amendment would not change the fact that Plaintiff failed to disclose all of the cases he was required to disclose, despite his knowledge that accurate disclosure of his litigation history on the complaint form was required and that dismissal of the instant action may result from his untruthful answers to the questions in Section IV of the complaint form.

[5] A dismissal without prejudice does not equate to a dismissal with prejudice due to a statute of limitations issue. The statute of limitations for claims under § 1983 is four years. *See* <u>Chappell v. Rich</u>, 340 F.3d 1279, 1283 (11th Cir. 2003) (four-year statute of limitations for § 1983 claims for which Florida is the forum state). Plaintiff alleges Defendants' allegedly unconstitutional conduct occurred in August of 2015 (*see* ECF No. 7 at 5–6). He thus has more than adequate time to file another civil rights action.

should also be warned that such false responses, filed herein or filed in the future, will not be ignored and may result in more severe and long-term sanctions. *See* <u>Warren v. Guelker</u>, 29 F.3d 1386, 1389 (9th Cir. 1994) (per curiam) (pro se, in forma pauperis prisoner's misrepresentation about previous lawsuits may violate Rule 11).

Accordingly, it respectfully **RECOMMENDED**:

1. That this case be **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1) as malicious.

2. That the clerk enter judgment accordingly and close this case.

At Pensacola, Florida, this 22<u>nd</u> day of November 2017.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.   If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.

Case No: 5:17cv219/MCR/EMT